IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY - 1 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 06-cv-00496-BNB

DARRIUS TAYLOR,
Plaintiff,

v.

GENE SHARLA,
IAN CULVERHOUSE, and
UNKNOWN SUPERVISORS, et al.,
Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff Darrius Taylor is incarcerated at the Denver County Jail. Mr. Taylor initiated this action by filing **pro se** a Prisoner Complaint. The court must construe the Prisoner Complaint liberally because Mr. Taylor is representing himself. *See* **Haines v. Kerner,** 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon,** 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the **pro se** litigant's advocate. *See* **Hall,** 935 F.2d at 1110. For the reasons stated below, Mr. Taylor will be ordered to file an amended complaint.

The court has reviewed the Prisoner Complaint and has determined that it is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See* **Monument Builders of Greater Kansas City, Inc. v.**

*American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Taylor fails to set forth a short and plain statement of his claims showing that he is entitled to relief. It is not clear what specific claims Mr. Taylor is asserting against the individual police officers or how Mr. Taylor was injured during his encounter with those officers on June 9, 2005. Mr. Taylor does allege that his vehicle was damaged during the June 9 incident but it is not clear if the damage to his vehicle is the only injury for which he seeks relief in this action. Regarding his claim against the unidentified supervisors, Mr. Taylor fails to allege how their training and supervision of the named officers was deficient. Finally, Mr. Taylor alleges in his third claim for relief, which he describes as a conspiracy to blanket, that his Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendment rights have been violated but he fails to allege any facts to support the claims he is asserting under those constitutional provisions. It also is not

clear against whom the third claim is being asserted because Mr. Taylor refers to his bail as an example of how his rights have been violated in the third claim but he fails to explain how any of the named Defendants are responsible for his bail.

A decision to dismiss a pleading pursuant to Rule 8 is within the trial court's sound discretion. *See **Atkins v. Northwest Airlines, Inc.***, 967 F.2d 1197, 1203 (8th Cir. 1992); ***Gillibeau v. City of Richmond***, 417 F.2d 426, 431 (9th Cir. 1969). The court finds that the Prisoner Complaint does not meet the requirements of Fed. R. Civ. P. 8(a) and that Mr. Taylor should be given an opportunity to file an amended complaint. He will be directed to do so below. Accordingly, it is

ORDERED that Mr. Taylor file, **within thirty (30) days from the date of this order**, an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Taylor, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Taylor fails within the time allowed to file an amended complaint that complies with this order to the court's satisfaction, the action will be dismissed without further notice.

DATED May 1, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00496-BNB

Darrius Taylor
Reg. No. 1445115
Denver County Jail
P.O. Box 1108
Denver, CO 80201

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 5/1/06

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk